# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**CHARMINE M. WADE**                     **CASE NO. 3:18-CV-00739**

**VERSUS**                               **JUDGE TERRY A. DOUGHTY**

**HOME DEPOT U.S.A. INC., d/b/a**        **MAG. JUDGE KAREN L. HAYES**
**THE HOME DEPOT**

## RULING

Pending before the Court is Defendant Home Depot U.S.A. Inc., d/b/a The Home Depot's ("Home Depot") Motion to Compel Arbitration and Stay Proceedings and Motion for Partial Dismissal for Failure to State a Claim upon which Relief can be Granted [Doc. No. 9]. The motion is full briefed, and the Court is prepared to rule.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Charmine M. Wade ("Wade") worked as an employee of Home Depot from 1998 to 2003. She was re-hired in 2004. On July 28, 2014, she filed a lawsuit against Home Depot in the United States District Court for the Western District of Louisiana (3:14-CV-02388). Wade and Home Depot entered into a Confidential Settlement Agreement (the "Settlement Agreement) on January 21, 2016, settling that lawsuit.

On June 4, 2018, Wade filed the instant lawsuit against Home Depot. Wade alleges that Home Depot has violated the Settlement Agreement, which called for her to receive consistent workday scheduling of 5:45 a.m. to 2:15 p.m., by scheduling her to work from 6:00 a.m. to 2:30 p.m. and by otherwise changing her schedule, which forced her to move from full-time status to part-time status. She further alleges that Home Depot's employee, Jeff Woods, has continuously done things in retaliation against her, including forcing her to use her personal hours for a

Sunday meeting and ignoring her request to revert back to full-time status.  She also asserts that, as part of the settlement, no employees were to have weekends off, but an employee named Gunter was allowed to work Monday through Friday with weekends off.  She contends that she has been given "points" for not coming to work, but she acknowledges that the points were removed when she complained about them.  She alleges that her request for 2 weeks' vacation time was denied because she was told no one could be off for the week of Thanksgiving because of "Black Friday," yet an employee named Reynolds is off every Thanksgiving week.  Finally, she alleges that when she was named Cashier of the Month for October 2016, an apron with her name on it and the signatures of the other cashiers was placed on the wall by the registers for only two days, whereas the normal practice is for the apron to be posted on the wall for an entire month.

Wade's Complaint sets forth four claims for relief.  First, she alleges that, since at least 2004, Home Depot has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by continuously changing her work schedule because she opposed discriminatory practices and participated in an EEOC proceeding and that her scheduling changes were a violation of the settlement agreement.  Second, she alleges that Home Depot is liable under the doctrine of respondeat superior for the tortious conduct of its employees as set forth above and is further liable for negligent hiring, training, retention and/or entrustment.  Third, she alleges that Home Depot breached the Settlement Agreement and employed careless, heedless and reckless servants, well knowing their unfitness, and that she was injured by the actions of those employees.  Fourth, she again alleges violations of Title VII's anti-retaliation provisions, and she also makes the same negligence allegations as in her second claim.

This Court construes Wade's first and third claims to be based on breach of the Settlement Agreement, and construes Wade's second claim and part of her fourth claim to be based in negligence. The first and fourth claims are also construed as asserting claims of retaliation.

Home Depot responded to Wade's Complaint with the pending motion [Doc. No. 9]. Home Depot requests that the Court compel Wade to arbitrate her claims for breach of the Settlement Agreement pursuant to the arbitration clause contained therein. Home Depot also requests that the Court dismiss Wade's negligence-based claims, as those claims are precluded by workers' compensation exclusivity. Home Depot further requests that the Court dismiss any retaliation claims related to conduct prior to January 21, 2016, the date when Wade signed the Settlement Agreement. Finally, Home Depot requests that the Court stay any remaining claims not subject to arbitration.

## II. LAW AND ANALYSIS

### A. Arbitration of Plaintiff's Claims

The Settlement Agreement entered into by Wade and Home Depot on January 21, 2016, contains an arbitration clause which provides in pertinent part, "Employee further agrees that any disputes concerning any of the alleged breaches referenced in this Paragraph (other than breach by commencing a suit or action in contravention of this release) will be resolved through arbitration under the procedures outlined by the American Arbitration Association (AAA), a nonprofit organization that administers the arbitration process. The arbitration will be pursuant to the Federal Arbitration Act, and the National Rules for the Resolution of Employment Disputes, as published by the AAA, will govern the proceedings."

The Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. ("FAA"), is the substantive law controlling the validity and enforcement of arbitration agreements. *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 473 (5th Cir. 2002). The FAA provides that written agreements to settle controversies by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Walton*, 298 F.3d at 473. Additionally, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

Courts consider two factors in ruling on a motion to compel arbitration: "(1) whether a valid agreement to arbitrate between the parties exists; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Painewebber Inc. v. Chase Manhattan Private Bank (Switz.),* 260 F.3d 453, 462 (5th Cir. 2001) (internal quotation marks and citation omitted). "[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Indus*., 362 F.3d 294, 297 (5th Cir. 2004) (citing *Gilmer v. Interstate/ Johnson Lane Corp*., 500 U.S. 20, 26 (1991)); *see also* 9 U.S.C. § 4.

Wade admits in her Complaint that the parties entered into the Settlement Agreement on January 21, 2016. It was signed by Wade and a representative of Home Depot. In fact, Wade filed her lawsuit in an attempt to enforce it, claiming in part that Home Depot violated it by changing her schedule. Wade, however, objects to the enforcement of the arbitration provision on the grounds that the provision possesses "features of both adhesionary formation and unduly harsh substance." [Doc. No. 11, p. 2] She asserts that a contract of adhesion is a standard

contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection by the weaker party. She states the real issue in a contract of adhesion analysis is not the standard form of the contract, but rather whether a party truly consented to all the printed terms.

The Court finds that there is nothing in the record to suggest that the Settlement Agreement in general, or the arbitration provision in particular, was adhesionary. Like Home Depot, Wade was represented by an attorney. There is nothing to suggest one party had superior bargaining power over the other. The Settlement Agreement was entered into in consideration of Wade's release of all claims against Home Depot up through and including January 21, 2016. As the Settlement Agreement contains a valid consensual agreement to arbitrate, Wade is bound to the agreement. Wade's claims for breach of the Settlement Agreement fall squarely within the scope of the arbitration provision.

Accordingly, Wade's claims for breach of the Settlement Agreement in Counts 1 and 3 are **DISMISSED WITHOUT PREJUDICE** and, to the extent Wade seeks to assert them, she is compelled to do so in arbitration.

### B. Failure to State a Claim

Home Depot asserts that Wade's remaining claims based in negligence (Count 2 and part of Count 4) should be dismissed for a failure to state a claim upon which relief can be granted.

When analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in the complaint as true (even if they are not) and draw all reasonable inferences in the plaintiff's favor. See *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal

5

conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005). A plaintiff must plead specific facts to state a claim for relief. See *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To avoid dismissal, the factual allegations "must be enough to raise a right to relief above the speculative level," and the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### 1. Workers' Compensation Exclusivity

As set forth above, Wade's second claim and part of the fourth claim are based in negligence. Wade alleges that Home Depot "employed careless, heedless and reckless servants well knowing their unfitness. Further, plaintiff was injured by the negligence of the employees of Home Depot… by the employees' actions as listed within the body of this complaint." [Doc. No. 1, ¶¶ 28, 39]. In addition, Wade makes claims against Home Depot under Louisiana Civil Code articles 2315 and 2320 for negligent hiring, training, and retaining.

A claim of negligence by an employee against an employer is barred by the exclusivity of Louisiana Workers' Compensation Law ("LWCL"), LA. REV. STAT. § 23:1032. The LWCL is the employee's exclusive remedy for all negligence based claims arising out their employment. LA. REV. STAT. § 23:1032; *Bourgeois v. Curry*, 2005-0211 (La. App. 4 Cir. 12/14/05), 921 So. 2d 1001, 1010; *Clinton v. Reigel By–Products, Inc*., 42,497 (La. App. 2d Cir. 09/19/07), 965 So.2d 1006; *Narcisse v. Turner Indus. Grp*., LLC, No. 11-2659, 2012 U.S. Dist. LEXIS 60533, at *8 (E.D. La. 04/30/12); *Bertaut v. Folger Coffee Co*., 2006 WL 2513175, at *3 (E.D. La. Aug.

29, 2006) (granting a company's partial motion to dismiss a former employee's negligence claims, including a claim for negligent infliction of emotional distress); *Patton v. Jacobs Eng'g Grp., Inc.*, No. CIV.A. 15-123-BAJ, 2015 WL 3964719, at *3 (M.D. La. June 29, 2015) (granting motion to dismiss negligent infliction of emotional distress claim); *Gonzales v. T. Baker Smith, LLC*, No. CIV.A. 13-644-SDD, 2014 WL 905281, at *1 (M.D. La. Mar. 7, 2014).

Although Wade couched her allegations in her Complaint in terms of negligence, she now contends that the actions she has alleged were intentional acts, and the LWCL's exclusive remedy provision does not apply to employer intentional torts. However, Louisiana jurisprudence has narrowly construed the intentional tort exception to the exclusivity clause in the workers' compensation statute. "Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, or willfully failing to furnish a safe place to work, this still falls short of the kind of actual intention to injure that robs the injury of accidental character." *Reeves v. Structural Preservation Systems*, 98-1795 (La. 3/12/99), 731 So.2d 208, 210. Accordingly, the LWCL is Wade's exclusive remedy on these negligence claims and Count 2 and the negligence part of Count 4 are **DISMISSED WITH PREJUDICE**.

  **2.**  **Conduct Prior to January 21, 2016**

In her first claim, Wade alleges "**Since at least October, 2004**, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by continuously changing the plaintiff's schedule because she opposed discriminatory practices and participated in an EEOC proceeding." (emphasis added) [Doc. No. 1, ¶ 20]. She re-alleges and incorporates this allegation in Count 4.

Home Depot contends that Wade brought allegations of retaliation in the first lawsuit she filed against Home Depot on July 28, 2014, [3:14-CV-02388, Doc. No. 1]. The parties entered into the settlement agreement in that lawsuit on January 21, 2016, and Wade released all claims up to and through that date. That lawsuit was dismissed, with prejudice, February 18, 2016 [3:14-CV-02388, Doc. No. 49]. Home Depot asserts, therefore, any claims for retaliation in Wade's instant Complaint that occurred on or before January 21, 2016, should be dismissed on the basis of the doctrine of *res judicata*.

According to the Fifth Circuit, the doctrine of res judicata "serves to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication by barring further claims by parties or their privies based on the same cause of action." *Dean v. Miss. Bd. of Bar Admissions*, 394 Fed. App'x 172, 175 (5th Cir. 2010). Dismissal under Federal Rule of Civil Procedure 12(b)(6) on the grounds of res judicata "may be appropriate if all of the necessary elements of that defense are apparent on the face of the pleadings." *Id.* at 175. The pleadings, though, may be enlarged on a Rule 12(b)(6) motion insofar as federal courts are permitted to take judicial notice of matters of public record, such as previous state court judgments, pleadings, and orders. *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss."); see also Fed. R. Evid. 201. (authorizing judicial notice of adjudicative facts). In addition, the Court may also consider "documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to plaintiff's claims."
*Murchison Capital Partners, L.P. v. Nuance Communs. Inc.*, 625 Fed. App'x. 617, n. 1 (5th Cir. 2015) (citing *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635

(5th Cir. 2014)).

Since Wade makes claims for breach of the Settlement Agreement, it is central to her claims and can be considered by the Court.

To establish that a claim is barred by res judicata "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of America*, 439 Fed. App'x. 359, 363-364 (5th Cir. 2011) (citing *In re Ark-La-Tex Timber Co.,* 482 F. 3d 319, 330 (5th Cir. 2007)).

All of these elements are present in the instant case. The parties entered into the Settlement Agreement on January 21, 2016, and Wade released all claims up to and through that date. Therefore, any claims for retaliation in Counts 1 and 4 of the instant Complaint that occurred on or before January 21, 2016, are **DISMISSED WITH PREJUDICE**.

### C. Home Depot's Request for Stay

Home Depot contends that, if any other claims remain in this Court, the Court should stay those claims while Wade's claims for breach of the settlement agreement are arbitrated. To the extent that Wade asserts retaliation claims in Counts 1 and 4 of the Complaint for actions after January 21, 2016, Home Depot has not moved for dismissal of these claims. Therefore, the motion is **GRANTED**, and this matter is **STAYED** pending the outcome of arbitration.

## III. CONCLUSION

For these reasons, Home Depot's Motion to Compel Arbitration and Stay Proceedings and Motion for Partial Dismissal for Failure to State a Claim upon which Relief can be Granted [Doc. No. 9) is **GRANTED**. To the extent the motion seeks to Compel Arbitration as to

Wade's claims for breach of contract in Counts 1 and 3, the motion is **GRANTED**. The claims for breach of contract are **DISMISSED WITHOUT PREJUDICE**, and to the extent Wade seeks to assert them, she is compelled to do so in arbitration. To the extent the motion seeks a Partial Dismissal for Failure to State a Claim upon which Relief can be Granted, the motion is also **GRANTED**. Wade's claims based in negligence (Count 2 and part of Count 4) are **DISMISSED WITH PREJUDICE,** and to the extent Counts 1 and 4 cover conduct prior to January 21, 2016, those Claims are **DISMISSED WITH PREJUDICE**. To the extent the motion seeks a stay as to the remaining Claims, the motion is **GRANTED**, and this matter is **STAYED** pending the outcome of arbitration. The parties must file a status report no later than December 12, 2018, to notify the Court whether arbitration has been held and the matter can be returned to the docket.

Monroe, Louisiana, this 12th day of September, 2018.

									_____
									**TERRY A. DOUGHTY**
									**UNITED STATES DISTRICT JUDGE**